41591. HARPER v. GREEN.

ARGUED NOVEMBER 2, 1965—DECIDED NOVEMBER 10, 1965—
REHEARING DENIED NOVEMBER 29, 1965.

*Rich, Bass & Kidd, Casper Rich,* for appellant.

*John L. Respess,* for appellee.

NICHOLS, Presiding Judge. The sole question for decision is whether the Act of 1937, supra, prohibiting, in all cases, any owner of a used motor vehicle purchased in another State and brought into this State for the purposes of resale from recovering such vehicle in trover where the provisions of such Act as to registration and bond have not been met, or whether such prohibition only applies as between the vendor and vendee.

Section 4 of such Act (*Code Ann.* § 68-905), provides: "Be it further enacted by the authority aforesaid that no action or right of action to recover any such motor vehicle or any part of the sale price thereof shall be maintained in the courts of this State by any such dealer or vendor, his successors or assigns, in any case wherein such vendor or dealer shall have failed to comply with the terms and provisions of this Act." A literal construction of the phrase "any such dealer or vendor, his successors or assigns" would not only include the person bringing the vehicle into the State but also all innocent pur-

chasers of such vehicle in the future. It is doubtful that such was the intent of the General Assembly. "Courts may examine the caption as an aid to interpretation of a doubtful statute. *Eason v. Morrison,* 181 Ga. 322 (182 SE 163)." *Thompson v. Eastern Air Lines,* 200 Ga. 216, 223 (39 SE2d 225). The provisions of Sec. 1 of the Act which require "every dealer in used, or second hand, motor vehicles, who is a nonresident of the State of Georgia or who has no permanent place of business in the State of Georgia, and every person, firm or corporation who may bring any used or second hand motor vehicle into the State of Georgia for the purpose of selling or re-selling, except as a trade-in on a new motor vehicle or another used car" to register such vehicle and give bond also make the scope of the Act doubtful.

The caption of the Act states in part that it is: "An Act to regulate the business of selling used and second hand motor vehicles by nonresidents or persons who have no permanent place of business; . . . to prevent the bringing of an action for recovering of purchase price of such used motor vehicle without compliance with this Act." Thus the caption of the Act shows an intent not to regulate all sales of used motor vehicles brought into the State but only those brought into the State by nonresidents and by residents without permanent places of doing business, and prohibits the use of courts by such a seller to recover the purchase price or the vehicle from a purchaser, and does not authorize a person who obtains possession of such a vehicle for the purpose of making repairs, in effect, to confiscate such vehicle with impunity.

It being stipulated in the case sub judice that no sale had taken place or been intended between the parties the trial court properly overruled the defendant's plea in bar based on the Act of 1937, supra.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*