### 59299. SULLIVAN v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from an order of probation revocation.

1. Appellant enumerates as error the trial court's refusal to enforce a subpoena for the production of documentary evidence. The subpoena was not before the trial court, appellant's counsel conceded at the hearing that "[a]pparently it wasn't filed with the Court," and the clerk's office of the Floyd Superior Court "has a record of the subpoena for production of documentary evidence being issued, but not ever having been served." It was not error for the trial court to refuse to enforce the subpoena, there being no proof of any service in compliance with Code Ann. § 38-801 (c). *Heard v. Hopper,* 233 Ga. 617 (212 SE2d 797) (1975).

2. Appellant urges a violation of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), which prohibits the state from suppressing material evidence favorable to the defendant. This enumeration is meritless. In the first instance there is no showing that appellant complied with the requirements of Code Ann. § 38-801 (g) by serving a notice to produce "upon counsel for [the] other party" — in this instance, the district attorney. Secondly, on appellant's motion the trial court conducted an in camera inspection of the statements of two of the state's witnesses. This satisfied the Brady requirement. *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11) (1977).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED
APRIL 8, 1980 —
REHEARING DENIED APRIL 29, 1980.

*James A. Satcher, Jr.,* for appellant.
*F. Larry Salmon, District Attorney, Stephen F. Lanier,*

*Assistant District Attorney,* for appellee.