## 38869. SALMON v. THE STATE.

CLARKE, Justice.

Appellant Robert Lee "Bo" Salmon was convicted of the murder of twenty-one-year-old James Henry Ridley, Jr., in Murray County, Georgia, and sentenced to life imprisonment. The testimony showed that the victim's mother had taken out two or three life insurance policies on her son under which the total pay-off would be $20,000 in case of death from natural causes and $40,000 in case of accidental death. There was evidence at trial that Earl Green, the victim's stepfather, conceived a plan to kill his stepson for the insurance money. Salmon, who was a tenant of Green, "Teddy Bear" Mulkey, and perhaps others, conspired with Green to kill the victim. Salmon was promised $3,000 or $4,000 and a lifetime of free rent. Salmon attempted to recruit J. W. Patterson to participate in the scheme, but Patterson did not participate in the killing and ultimately testified for the state.

Before successfully killing the victim with a high-powered rifle, the appellant was thwarted in two earlier attempts. He had planned to drown the victim but was frustrated by the presence of a game warden and later pushed the victim off a mountain in a burning car. A witness testified that appellant afterwards remarked "that it was the damnedest thing he ever saw in his life, that the boy could fight so hard to live, you know, but he had this deal going with Earl Green and the boy had to go, you know, I mean."

Appellant specifically told Patterson that he had killed Ridley and asked him to hide his car and a gun. He also asked Patterson to retrieve from the victim's car a beer can which might have his fingerprints on it. Appellant's fingerprint was in fact found on a beer can left in the victim's car. Barbara Cochran testified to seeing the

victim's car containing three persons turn up Peeples' Lake Road on the night or early morning of the murder, Nov. 8, 1980, at approximately 12:30 a.m. She testified to seeing a foot with a tennis shoe on it in the back window of the car. The body was subsequently discovered at Peeples' Lake. Miss Cochran identified the driver of the car as Harold Mulkey and testified that he came to her on two occasions after the night of the murder posing as an F.B.I. agent and warning her not to say anything about what she had seen on the night of the murder.

Barbara Ensley testified that Bo Salmon, Harold Mulkey and the victim came by her trailer sometime after 9 p.m. on Friday night, November 7, 1980. Mulkey came in carrying a .30 caliber rifle, said he was going deer hunting, and got some ammunition from Ensley. After the murder appellant told Barbara Ensley that "he had his house rent taken care of for a year over this deal he had worked out. . . ."

1. Appellant contends that the verdict was strongly against the weight of the evidence. He particularly objects to the testimony of Patterson, who was given a fine and probation for certain unrelated charges pending against him in exchange for his testimony. Credibility of a witness is, of course, a question for the jury, to whom the bargain was fully explained. Reviewing the evidence, we find that it meets the test set out in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant objects to the admission of testimony of Barbara Cochran as to statements made outside the presence of appellant. The court admitted these statements as falling under the exception to the hearsay rule regarding statements of a co-conspirator. Code Ann. § 38-306 provides that declarations of any one of the co-conspirators during the pendency shall, after the conspiracy is proved, be admissible against all. This has been interpreted to allow admission of such declarations even prior to proof of a prima facie case of conspiracy, provided the evidence eventually shows a prima facie case of conspiracy. *Fallings v. State,* 232 Ga. 798 (209 SE2d 151) (1974). Here there was sufficient evidence introduced *prior to* the disputed testimony to make out a prima facie case of conspiracy. The court did not err in admitting the declarations of co-conspirator Harold Mulkey.

3. Finally, appellant contends that the court erred in failing to give a requested charge on circumstantial evidence. This enumeration of error is without merit. After the court asked for exceptions to the charge, counsel asked if the court had given his charge as to circumstantial evidence. The court summed up the charge given and specifically asked: "That's what you want?" Counsel replied, "No exceptions." This constitutes clear waiver of

any objections to the charge on circumstantial evidence. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980); *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Even if this were not so, there would be no error in failing to charge in the specific language requested. *Sullens v. State,* 239 Ga. 766 (238 SE2d 864) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Dean B. Donehoo,* for appellant.
*Stephen A. Williams, District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.