65775. JOHNSON et al. v. BARRETT et al.

BIRDSONG, Judge.
Dismissal for lack of jurisdiction. In February 1978, the Commissioners of Cobb County caused to be promoted a policeman named Clark from the grade of sergeant to major with assignment to

the commissioners' office. The appointing authority (the Director of Public Safety) promoted Clark to major under then existing civil service regulations authorizing non-competitive appointments and promotions and notified the civil service board of that action. In 1980, the non-competitive promotion authority was deleted from civil service regulations. In 1981, the board of commissioners apparently became aware that their action directing the abolition of a sergeant's position in the office of the county commissioners and substitution therefor of a major's position was not reflected in the appropriate commission meeting minutes. Therefore, the minutes were amended in 1981 nunc pro tunc to reflect that the order and action of the commission meeting in February 1978, created the position of major in their office. Two other civil service employees of the Department of Public Safety of Cobb County then filed letters with the Cobb County Civil Service Board complaining that by the promotion of Clark from grade of sergeant to major under non-competitive provisions, they (one a sergeant and the other a captain) had been denied any opportunity for consideration for the promotion to a higher grade.

The civil service board held a hearing on these "appeals" and found the promotion of Clark to be not in accordance with civil service regulations and ordered the promotion to be vacated and set aside. The county commissioners concluded that the civil service board exceeded its jurisdiction and declined to take any action adversely affecting Clark. The civil service board brought this declaratory judgment action and sought a mandamus seeking to ascertain the propriety of their jurisdiction and requiring the reduction in rank of Clark. The civil service board sought summary judgment against the board of commissioners and the commissioners moved to dismiss the complaint for declaratory judgment on the ground that the board had exceeded its jurisdiction in considering the letters of the two dissatisfied employees as an "appeal" within the cognizance of the civil service board. The trial court granted the commissioners' motion to dismiss holding that the matter considered was not within the jurisdiction of the board. *Held:*

There are several facets to the arguments and counter-arguments presented by the appellant board and appellee commissioners. However, both sides are in agreement that the decisive issue is whether the board exceeded its jurisdiction in considering the letters of the two employees as cognizable appeals.

Moving directly to a consideration of that issue, we find the following: The powers and duties of the Cobb County Civil Service Board stem from the enabling legislation creating the administrative agency. See Ga. L. 1964, p. 2502, Act No. 733. Section 2-4-6 (2) of the Cobb County Code enacted pursuant to the above cited Act, provides

the civil service board is empowered: "To conduct hearings and render decisions on *charges* preferred against persons employed in the several departments and offices included in said civil service system and to hear appeals from any employee who claims to have been improperly dismissed." (Emphasis supplied.) An examination of the purposes contained in the Cobb County Civil Service System Act reveals that it enabled the Cobb County Civil Service Board "to provide for appeals to the Board under the Civil Service System for grievances." Ga. L. 1964, p. 2502. See *Moore v. Robinson,* 206 Ga. 27, 40 (55 SE2d 711) and *Harper v. Green,* 112 Ga. App. 748, 750 (146 SE2d 132) which permit the examination of the preamble of a statute to help in determining legislative intent. Our attention also has been invited to Section 14.101 of the Rules and Regulations of the Cobb County Civil Service Board which provides that: "Any employee, applicant for employment or former employee who believes that he has been unjustly discriminated against may appeal to the Civil Service Board for a hearing." Lastly, where an alleged action which works prejudice to an employee is found to be not within the powers conferred by the Rules and Regulations of the Civil Service System, the board is directed to reverse the action.

Based upon these several provisions of law and regulations, the civil service board argues under the broad aegis of "grievance" and "discrimination," it had jurisdiction to grant a hearing to the two "appealing" employees.

We are in agreement with the trial court and find that the board has exceeded its jurisdictional powers, though not wholly for the same reasons advanced by the trial court. The trial court found that the only ground for hearing an appeal by disaffected emloyees is an improper dismissal, apparently relying upon the holding in *DeKalb County v. Winkler,* 148 Ga. App. 240 (251 SE2d 63).

As we view the enabling legislation, we conclude that we must construe the language granting reviewing authority to the Cobb County Civil Service Board as it might be amplified by the preamble to that code and any other authority affecting that power. By its express language, the appellate power of the civil service board is limited to the conduct of hearings and to render decisions on *charges preferred against persons* and *improper dismissals.* The only amplification to those two categories brought to our attention by the board is that disaffected employees may seek a hearing on "grievances" and matters in which they find "discrimination." If we were to expand the right to hearing of appeals to undefined "grievances" and "discrimination," the civil service board would be required to hear any case that a fertile mind or imagination could germinate. We are satisfied however that an employee can seek an

appeal only where he is aggrieved or has been subject to discrimination where such action has resulted in the placement of unfounded charges against the employee or has resulted in an unfounded termination of employment. Thus even considering the influence of the words "grievance" and "discrimination," we will not extend those words beyond the express powers conferred upon the civil service board to hear and determine charges and dismissals.

In this case there is no contention that either of the employees who were not considered for promotion have been fired from their employment. They do not contend that Clark is unfit for the office of major. They furthermore do not contend that under the non-competitive promotion policies in effect in February 1978, Clark was promoted contrary to that authority nor that their non-consideration when Clark was considered for non-competitive promotion was in any way based upon discriminatory policies. Their only contention is that the non-competitive promotion denied them consideration and in effect seek Clark's demotion so that they can be considered for promotion in accordance with the regulations in effect in 1982, at the time of their letters.

In substance then the complaining employees seek to show that Clark was improperly promoted, that the promotion should be revoked and they should then be given consideration for promotion. Like the trial court we cannot see how such letters properly placed before the civil service board any question of discriminatory or unfounded charges against either employee nor does the matter involve the discharge of either employee. Inasmuch as the board's jurisdiction to conduct hearings of appeals is limited to those two considerations, the Cobb County Civil Service Board did not have jurisdiction to entertain as an "appeal" the improper promotion of a third employee, even assuming (which we do not) that the promotion was questionable. Where the judgment of the trial court is proper and legal for any reason, it will be affirmed regardless of the reason assigned. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 20, 1983.

*John H. Moore, Y. Kevin Williams,* for appellants.
*Irma B. Glover,* for appellees.