## 72053. COBB COUNTY v. JONES et al.
### (345 SE2d 917)

POPE, Judge.

In March 1985 appellee James Alex Jones, a Cobb County policeman, was involved in a shooting incident while on duty. Following an internal investigation, the police department determined that Jones had violated police policy in regard to use of force and ordered that Jones' rank be reduced one grade and that he be suspended for 30 days. Jones appealed the actions to the Cobb County Civil Service Board (Board).

On June 18, 1985 the Board met and considered Jones' appeal. Although there was a quorum, only four of the five Board members were present. At the conclusion of the hearing, the members present voted 2-2 in regard to the matter. On June 28, 1985 the Board notified appellant Cobb County that it would rehear the Jones appeal in an attempt to break the tie. Appellant Cobb County objected and filed the present declaratory action in superior court asking the court to determine whether the tie vote was a final determination. Appellant took the position that the tie vote was a final decision and automatically affirmed the action of the police department. The trial court rejected this argument. In its conclusions of law, the trial court found that the Rules and Regulations of the Cobb County Civil Service Board made no provision for tie votes in hearings or appeals, that it was the duty of the Board to render decisions affirming or disaffirming actions of the Appointing Authority under review, that a tie vote is not a decision, and that the Board was authorized to interpret its rules to allow a rehearing in the event of a tie vote. *Held*:

While we agree with appellant that the Board acts in a quasijudicial manner when it hears appeals (see *Anderson v. McMurry*, 217 Ga. 145 (121 SE2d 22) (1961)), we cannot agree that it necessarily follows that a tie vote by the Board operates automatically to affirm

the action appealed. Appellant cites several Supreme Court cases in which the court recites that it is evenly divided, and that the decision of the lower court is therefore affirmed by operation of law. Appellant argues that this is a proposition applicable to all bodies sitting in an appellate capacity. However, the proposition is not universal. Rather, it is a function of a specific statute governing procedure in the Supreme Court. "In all cases decided by the Supreme Court . . . [i]f the Justices are evenly divided, the judgment of the court below shall stand affirmed." OCGA § 15-2-16 (a). The rule is different in the Court of Appeals. "In the event of an equal division of the judges when sitting as a body, the case shall be immediately transmitted to the Supreme Court." Ga. Const. 1983, Art. VI, Sec. V, Par. V. In order to determine the effect of a tie vote by any body acting in an appellate capacity, one must examine the laws and rules governing that particular body.

In *Johnson v. Barrett*, 166 Ga. App. 353 (304 SE2d 478) (1983), this court examined the enabling legislation creating the Cobb County Civil Service Board (see Ga. L. 1964, p. 2502) and found that the Board is granted appellate authority in cases in which a covered employee has charges preferred against him or is improperly dismissed. Id. at 355. In examining the act, we find that the Board is empowered to adopt rules and regulations governing appeals. Ga. L. 1964, p. 2502, § 6 (a). Among the rules promulgated by the Board is paragraph 14.202 E of the Rules and Regulations of the Cobb County Civil Service Board: "After due consideration, the Board shall render its judgment affirming or disaffirming the action of the Appointing Authority."

Read together, it is clear that these provisions require the Board, when reviewing actions of an Appointing Authority, to reach a determination which accepts or rejects the action of the Appointing Authority under review. A tie vote renders no decision affirming or disaffirming the action taken, which is an affirmative duty of the Board. Therefore, the Board must take some action to render a judgment. The trial court was correct in its finding that the tie vote did not bar the Board from rehearing the appeal. Our holding necessarily rejects appellant's contention that the tie vote failed to exonerate appellee Jones and thus must be considered final.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MAY 29, 1986.

Robert H. Cleveland, Y. Kevin Williams, Donald T. Wells, Jr., for appellant.

*Guy E. Davis, Jr., John H. Moore*, for appellees.