## A89A0853. HAYWOOD v. AEROSPEC, INC.
### (388 SE2d 367)

BENHAM, Judge.

Appellee sued appellant for an amount alleged to be due for repairs made on appellant's aircraft and for storage of the aircraft. A verdict was directed for appellee on its claim and on appellant's counterclaim. This appeal is from the judgment entered on that verdict.

1. Appellant's first enumeration of error is that the trial court improperly forced him to trial without his attorney. The record shows, however, that appellant acknowledged that the attorney's absence was brought about by appellant, that appellant expressly waived his attorney's presence, and that appellant acquiesced in the trial court's ruling that he would have to proceed in the absence of counsel. " 'Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it.' (Cit.)" *Marlow v. Lanier*, 157 Ga. App. 184, 185 (276 SE2d 867) (1981).

2. Appellant's second enumeration of error is directed toward the trial court's refusal to enforce a subpoena. The reasons given by the trial court for not enforcing the subpoena were that it had expired and that it had been altered. We are aware of no such grounds for quashing a subpoena. They are issued in blank (OCGA § 24-10-20), to be filled in by the party serving them, and there is no prohibition in the statutory or case law against changing the information on unused subpoenas before serving them. The statute also gives no expiration date for subpoenas.

However, it appears from the record that the subpoena was invalid for a different reason. It was directed to an individual who is not a party to this case, but rather than being served on the individual to whom it was directed, it was served on the attorney for appellee. Although OCGA § 24-10-23 permits service on a party by service on that party's attorney, it does not provide for such service on non-parties. "It was not error for the trial court to refuse to enforce the subpoena, there being no proof of any service in compliance with [OCGA § 24-10-23]. [Cit.]" *Sullivan v. State*, 154 Ga. App. 432 (1) (268 SE2d 698) (1980). The subpoena was thus unenforceable, albeit not for the reason given by the trial court. "Where the judgment of the trial court is proper and legal for any reason, it will be affirmed regardless of the reason assigned. [Cit.]" *Johnson v. Barrett*, 166 Ga. App. 353, 356 (304 SE2d 478) (1983).

3. Appellant amended his counterclaim late-on the afternoon of

the Friday before trial began on Monday. The trial court struck the amendment on appellee's motion, ruling that it was too late. That ruling was error since, in the absence of a pretrial order, an amendment may be filed up to the time evidence is taken at trial. *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502 (1) (359 SE2d 412) (1987). However, since appellant admitted at trial that the amendment dealt only with damages, the verdict against appellant on the issue of liability, a verdict not challenged on appeal, renders the error harmless. See *Brand v. Montega Corp.*, 233 Ga. 32 (3) (209 SE2d 581) (1974).

4. In his final enumeration of error, appellant complains of the trial court's award of attorney fees to appellee. The motion was made under OCGA § 9-15-14 (b), and appellee's counsel stated to the court the amount of his hourly rate and the number of hours he had worked on this case. The trial court agreed that this was a proper case for attorney fees, but awarded a sum substantially less than appellee's counsel requested. Appellant insists that no attorney fees were proper.

An award of attorney fees pursuant to OCGA § 9-15-14 (b) "is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524 (4c) (360 SE2d 566) (1987). The trial court directed a verdict against appellant on both the complaint and the counterclaim, a ruling which would be proper only in the absence of any evidence supporting appellant's position. OCGA § 9-11-50 (a). That ruling has not been challenged on this appeal. In explaining its ruling on the request for attorney fees, the trial court noted that all the problems in this case resulted from appellant's efforts to avoid paying what was due appellee. Under those circumstances, we find no abuse of discretion in the trial court's award of attorney fees.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 13, 1989 — 

*Wm. Thomas Haywood III*, for appellant.
Robert S. Haywood, *pro se*.
*Steven E. Fanning*, for appellee.