### A97A0031. SMITH et al. v. CURTIS.
(486 SE2d 699)

JOHNSON, Judge.

James Stewart Smith sued William Curtis for injuries he sustained in an automobile accident. Smith's wife, Catherine Smith, sued for loss of consortium. The jury returned a verdict awarding $3,500 in damages to Mr. Smith and no damages to Mrs. Smith.[1] The Smiths appeal from the judgment entered on the verdict and the denial of their motion for new trial, arguing that the trial court erred in refusing to give one of their requested charges. For the reasons set out below, we affirm the judgment of the trial court.

1. The requested charge provided that if the jury finds Mr. Smith's back injury resulted from the combined negligence of Curtis

---

[1] Although normally an application would be required for this appeal from a judgment of $10,000 or less, no application is required for the appeal of a "zero" award. See OCGA § 5-6-35 (a) (6); *Bales v. Shelton*, 260 Ga. 335 (391 SE2d 394) (1990). Therefore, the judgment entered as to Mrs. Smith is directly appealable. As a consequence, the judgment entered in favor of Mr. Smith is also directly appealable. See OCGA § 5-6-34 (d).

and the negligence of another motorist in a previous accident, Curtis bears the burden of showing how liability should be apportioned between the two tortfeasors. In a charge conference held prior to the court instructing the jury, the trial judge informed counsel that he would not give the requested charge because another charge covered the same principle. Counsel for the Smiths objected to the court's refusal to give the charge, arguing that the charge reflects the present state of the law in Georgia. The trial court did not give the requested charge to the jury and, at the conclusion of the jury charge, the trial judge asked counsel for the Smiths if he had anything to say about the court's charge. The Smiths' counsel replied that he did not. Under these circumstances, the Smiths have waived their objection to the jury charge.

First, by responding to the court's inquiry at the end of the jury charge that he had nothing to say about the charge, counsel expressly acquiesced in the jury charge as given. As a result, any objection to the omission of the requested charge was waived. See *Bell v. Samaritano*, 196 Ga. App. 612, 613 (2) (396 SE2d 520) (1990); *Phillips v. State*, 176 Ga. App. 834, 835 (1) (338 SE2d 57) (1985); *Salmon v. State*, 249 Ga. 785, 786-787 (3) (294 SE2d 500) (1982); see also *Roura v. State*, 214 Ga. App. 43, 45 (2) (a) (447 SE2d 52) (1994).

Second, an objection to an instruction made only at a charge conference is insufficient to preserve the matter for appellate review. *Brown v. Sims*, 174 Ga. App. 243, 244 (2) (329 SE2d 523) (1985); *Mack v. Barnes*, 128 Ga. App. 328, 329-330 (2) (196 SE2d 684) (1973); see *Rice v. Rumph*, 171 Ga. App. 301 (319 SE2d 125) (1984). In order to preserve the issue, the Smiths were required to renew their objection to the court's refusal to give the requested charge after the court instructed the jury, but they did not. See *Wilson v. State*, 259 Ga. 55, 58 (6) (376 SE2d 676) (1989); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510) (1989). Accordingly, the objection was not preserved for our review.

2. Even if the objection to the court's failure to charge had been properly preserved, no error has been shown. For a refusal to give a requested charge to be error, the request must be entirely correct, accurate, adjusted to the pleadings, law and evidence, and not otherwise covered in the general charge. *Salvador v. Coppinger*, 198 Ga. App. 386, 388 (1) (b) (401 SE2d 590) (1991). In order to show the requested charge was adjusted to the evidence and otherwise appropriate, the Smiths are required by the rules of this Court to specifically refer to evidence in the record or the transcript which supports their claim that their injuries resulted from the combined negligence of Curtis and another tortfeasor. See Court of Appeals Rule 27 (c) (3) (i). The Smiths have made no such citations to the record or transcript. They have therefore failed to meet their burden of showing

error by the record. See *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 646 (3) (466 SE2d 236) (1995); *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710) (1967).

Furthermore, we note that the case which the Smiths cited to the trial court in support of their request to give the charge is inapposite. That case, *Polston v. Boomershine Pontiac &c.*, 262 Ga. 616 (423 SE2d 659) (1992), involves crashworthiness and enhancement of injury where the tortious conduct of another driver, the car's manufacturer and the car dealer combine to harm the plaintiff in a *single* accident. The instant case, on the other hand, involves two separate collisions occurring a year apart. The two accidents are not sufficiently connected to constitute the "same transaction, occurrence, or series of transactions or occurrences." Accordingly, the actors are not treated as joint tortfeasors and do not bear the burden of proving apportionment as contemplated by *Polston*. See *Brinks, Inc. v. Robinson*, 215 Ga. App. 865, 866-867 (1) (452 SE2d 788) (1994). We point out that the trial court instructed the jury that if they found Curtis' negligence resulted in any aggravation of a pre-existing condition, the Smiths could recover for that aggravation.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 15, 1997.

Before Judge Salmon.
*Mundy & Gammage, John S. Husser*, for appellants.
*E. Wycliffe Orr, Kristine E. Orr*, for appellee.