[No. 25974-5-II.   Division Two.   October 12, 2000.]

THE BOEING COMPANY, *Respondent*, v. BARBARA GELMAN, *as Pierce County Assessor-Treasurer, Appellant.*

*Dennis P. Greenlee, Jr.*, and *William P. Bergsten* (of *McGavick Graves*), for appellant.

*Norman J. Bruns* and *William C. Severson* (of *Garvey, Schubert & Barer*), for respondent.

HOUGHTON, J. — When two of the three members of the Board of Tax Appeals hear an appeal, the administrative rules generally require them to prepare an initial decision. Upon objection, the full Board reconsiders the appeal and issues a final decision. Two members heard Boeing's appeal but issued a final decision without the input of a later appointed third member. The superior court found this

failing violated the administrative rules; we agree and affirm, but remand to amend its order.

## I. FACTS

In 1996, the Pierce County Assessor-Treasurer assessed the value of The Boeing Company's Frederickson property for tax purposes. Boeing appealed this assessment to the Board of Tax Appeals. With a vacancy on the three person Board, the remaining two members held evidentiary hearings. After the hearings, but before the two members issued a decision, the governor appointed a third member to the Board. Without seeking the input of this newly appointed member of the Board, the other two Board members issued a final decision. That decision stated: "[We are] equally divided . . . . The determination of the Assessor must therefore be affirmed." Clerk's Papers at 199-200.

Boeing moved for reconsideration, which was denied by inaction.[1] Boeing then filed in superior court a petition for review of the Board's decision. Boeing argued that the Board violated the hearing procedures detailed in the Washington Administrative Code in two ways: (1) by failing to prepare an initial decision that it could then petition the entire three person Board to review, WAC 456-09-925 and -935; and (2) by failing to enter required findings of fact and conclusions of law, WAC 456-09-930.[2]

On cross-motions for summary judgment, the superior court agreed with Boeing. It remanded the matter and instructed the Board "to comply with the procedural requirements of WAC 456-09-925 through WAC 456-09-950 for entry of an initial decision by the remaining Board member who heard the appeal followed by a review thereof by the full Board." Clerk's Papers at 138.

The Assessor appeals. Because only one of the two Board members who heard the evidence remains in office, and he

---

[1] See WAC 456-09-955.

[2] We refer to the result of the WAC 456-09-925 process as the initial decision, and the result of the WAC 456-09-950 as the final decision.

leaves office in March 2001, this court considered this appeal on an accelerated basis.

## II. ANALYSIS

■ The issues presented are legal, not factual. We review questions of law de novo, giving substantial weight to the agency's legal conclusions *only* where the law is ambiguous *and* the matter falls within the agency's expertise.[3]

### A. Applicable Law

RCW 82.03.020 creates a three person Board of Tax Appeals. The WAC provides a procedure for consideration of a tax appeal by fewer than all three Board members: After a hearing "by only two members of the board and [when] the two members cannot agree on a conclusion," these two members shall prepare an initial decision.[4] Either party may petition the Board to review the initial decision.[5] Then, "at least two members of the board" review the petition and the record.[6] "When an appeal has been heard or the record considered by a majority of the board, a final decision may be adopted which shall contain findings and conclusions as to each contested issue of fact and law."[7]

These rules do not detail what happens when, due to an unfilled vacancy, there are only two Board members and, after following the WAC procedures, these members still cannot "agree on a conclusion." Courts in Wyoming, Pennsylvania, and California have held that when there is a "tie vote" or the members of an administrative board are "evenly" or "equally" divided, the party with the burden

---

[3] *Waste Mgmt. of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 628, 869 P.2d 1034 (1994).

[4] WAC 456-09-925(2).

[5] WAC 456-09-935.

[6] WAC 456-09-945.

[7] WAC 456-09-950; *see also* RCW 34.05.461(3) ("Initial and final orders shall include a statement of findings and conclusions[.]") WAC 456–09-930 (same).

fails to meet its burden.[8] In Washington, *Department of Ecology v. City of Kirkland*[9] stands for this proposition.

In *Kirkland*, the city issued a development permit and the department appealed to the Shorelines Hearing Board. The relevant statute required that, " '[a] decision must be agreed to by at least four members of the board to be final.' "[10] The six person Board was evenly divided on the petition. The Supreme Court held that the tie vote was a final action for purposes of administrative review: "The tie-vote board determination resulted in the decision of the City of Kirkland standing affirmed."[11] Therefore, in Washington, when there is a "tie vote," the party with the burden fails to meet its burden. And such would be the result with a split decision by a full Board of two members.

But here, by gubernatorial appointment, there were three members on the Board *before* the final decision issued. Had the two members who took testimony prepared an initial decision, then the process would have proceeded as the WAC outlined; Boeing would have petitioned for review of the initial decision,[12] all three Board members would have considered the petition by reviewing the entire

---

[8] *Hirschfield v. Board of County Comm'rs*, 944 P.2d 1139, 1144 (Wyo. 1997) ("Plainly, neither the statute nor the regulation speak to the effect of . . . a tie vote . . . . In the absence of a contrary provision, the Board's deliberations are to be governed by generally accepted rules of parliamentary procedure, and . . . that common law or parliamentary law regards a tie vote on an affirmative resolution or action as a rejection."); *Crossgates Inc. v. Board of Comm'rs*, 145 Pa. Commw. 339, 603 A.2d 276, 278 (1992), *aff'd*, 635 A.2d 1040 (Pa. 1994); *Young v. Department of Envtl. Resources*, 144 Pa. Commw. 16, 600 A.2d 667, 669 (1991) ("Equally divided votes . . . have been deemed to constitute a denial of the action requested from the Board, rather than the absence of a decision."), *appeal denied*, 609 A.2d 169 (Pa. 1992); *Clark v. City of Hermosa Beach*, 48 Cal. App. 4th 1152, 56 Cal. Rptr. 2d 223, 237 (1996) (tie vote does not sustain moving party's burden), *cert. denied*, 520 U.S. 1167 (1997); *but see Cobb County v. Jones*, 179 Ga. App. 240, 345 S.E.2d 917 (1986) (holding that tie vote equals no decision).

[9] 84 Wn.2d 25, 523 P.2d 1181 (1974).

[10] 84 Wn.2d at 27 (quoting RCW 90.58.170) (emphasis omitted).

[11] 84 Wn.2d at 30.

[12] WAC 456-09-935(3) ("specify[ing] the portions of the initial decision to which exception is taken and . . . refer[ring] to the evidence of record which is relied upon to support the petition").

record,[13] and the Board would have made a final decision with "findings and conclusions as to each contested issue of fact and law" from which the aggrieved party could move for reconsideration.[14] The Board's failure to follow this process, and its entry of a final decision that lacked findings and conclusions, were error.

## B. Assessor's Arguments

The Assessor makes three basic arguments countering the analysis of the plain language of the WAC provisions set forth above.

### 1. Full Board

■ The Assessor argues that the two person Board was a "full" Board, authorized to decide the matter without preparing an initial decision. In essence, this argument is a "what if" scenario (i.e., "what if" there had only been two Board members from start to finish). This argument fails because the third member was added to the Board before the other two issued their final decision and, therefore, the Board should have followed the initial decision scheme.

### 2. "Agreed on a conclusion"

■ ■ WAC 456-09-925(2) requires an initial decision when "the two members cannot agree upon a conclusion[.]" The Assessor's argument here is a semantic one: The two Board members agreed on a "conclusion"—affirming of the assessment—because they were equally divided. Thus, the Assessor argues, the two Board members had to issue only a final decision, which they did.

The Assessor relies upon the statutory construct that plain language means what it says. It argues the word

---

[13] WAC 456-09-945.

[14] WAC 456-09-950 (Final decision); WAC 456-09-955 (Petition for reconsideration).

"conclusion" means "judgment, decision, or opinion formed after investigation or thought." *See* Reply Br. of Appellant at 3 (citing *Webster's New World Dictionary* 294 (1980)). It concludes that the two Board members agreed on a "judgment, decision, or opinion formed after investigation or thought" and therefore reached a "conclusion."

Whether the two Board members reached a "conclusion" depends upon the question they were called upon to answer. Boeing asked the Board to decide whether Boeing had presented "clear, cogent, and convincing evidence" that the assessment was incorrect. RCW 84.40.030(1). One member concluded it had; the other concluded that it had not. The Assessor appears to argue that "agreeing to disagree" is not the type of "conclusion" to which WAC 456-09-925(2) refers.

Other statutory constructs weigh in favor of a holding that the two Board members did not reach a WAC 456-09--925(2) "conclusion." Rules and regulations are construed as a whole, giving effect to all the language and harmonizing all provisions, to avoid unlikely, absurd, or strained results.[15] The WAC provides that when two Board members hear an appeal and cannot agree whether the party with the burden has met its burden they must prepare an initial decision. Either party can petition for review of this decision, and then the entire Board reviews the record and a three member vote breaks the tie.

This interpretation gives effect to all relevant WAC provisions. The Assessor's interpretation effectively eliminates the initial decision scheme and prevents the Board's third member from doing his or her job. The interpretation that gives effect to all the WACs relevant provisions prevails.

---

[15] *Double D Hop Ranch v. Sanchez*, 133 Wn.2d 793, 799, 947 P.2d 727, 952 P.2d 590 (1997); *Senate Republican Campaign Comm. v. Public Disclosure Comm'n*, 133 Wn.2d 229, 243, 943 P.2d 1358 (1997); *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996); *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991); *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 802, 808 P.2d 746 (1991).

### 3. *"Just and Proper"* order

The Assessor concedes that the final decision did not contain the required detail (particularly findings of fact). This is excusable, the Assessor argues, because (A) these omissions were harmless; and (B) RCW 84.08.130(1)[16] allows the Board discretion to omit these findings as long as it issues a "just and proper" order. Br. of Appellant at 32.

■ (A) <u>Harmless</u>: Formal findings of fact serve an important function for meaningful judicial review of agency action. *See Seattle Bldg. & Constr. Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 804, 920 P.2d 581 (1996), *cert. denied*, 520 U.S. 1210 (1997).[17] Here, the parties assert that the hearings involved conflicting expert testimony and, presumably, technical testimony from these experts involving matters of property valuation. The two Board members, as triers of fact, were required to decide what evidence was persuasive and why, and which expert was most credible and why. Failing to detail these determinations in required findings and conclusions, which limits Boeing's ability to secure effective judicial review, is not harmless.

■ (B) <u>RCW 84.08.130(1)</u>: The Assessor cites no authority for the proposition that the "just and proper" language of RCW 84.08.130(1) allows the Board to refuse to enter the detailed findings and conclusions required by RCW 34.05.461, WAC 456-09-930, or WAC 456-09-950. In comparing these statutes and rules, the court's goal is to

---

[16] RCW 84.08.130(1) provides: "Any taxpayer or taxing unit feeling aggrieved by the action of any county board of equalization may appeal to the board of tax appeals . . . . The board of tax appeals shall require the board appealed from to file a true and correct copy of its decision in such action and all evidence taken in connection therewith, and may receive further evidence, and shall make such order as in its judgment is just and proper."

[17] "Appellants were deprived of significant procedural safeguards . . . , including . . . an agency order containing requisite findings, conclusions, and the reasons therefor. . . . Absent compliance with these and other procedural requirements, judicial review of the merits of agency action is significantly hampered and may even be effectively foreclosed." *Seattle Bldg. & Constr. Trades Council*, 129 Wn.2d at 804.

harmonize them.[18] We can harmonize them here only by determining that a "just and proper" order under RCW 84.08.130(1) is one that contains the findings and conclusion required by RCW 34.05.461, WAC 456-09-930, or WAC 456-09-950.

## III. Remedy

The superior court ordered the Board to comply with the initial decision scheme of WAC 456-09-925 to -955 by having the remaining member who heard the evidence prepare an initial decision, which would be subject to full Board review. The Assessor argues that the superior court's remedy is "both unfair and impracticable."[19] We disagree and remand to the trial court with instructions.

██ ██ RCW 34.05.574 gives a court discretion to fashion a remedy that requires an agency to comply with the law.[20] In exercising that discretion, however, the court must endeavor to remedy past errors, not issue advisory opinions to forestall future ones.[21] Here, the court correctly found that the Board failed to comply with the law and therefore a "remand for further proceedings" under RCW 34.05.574 was the appropriate remedy. But then the court required the Board to follow one particular method of complying with the law and preparing an initial decision.[22] WAC 456-09--925 allows the Board flexibility to determine how, and by

---

[18] See supra note 15.

[19] Br. of Appellant at 35. Except for lifting the word "impracticable" from RCW 34.05.574, the Assessor cites no authority for its arguments. RAP 10.3(a)(5).

[20] Hillis v. Department of Ecology, 131 Wn.2d 373, 407, 932 P.2d 139 (1997) ("A court is statutorily empowered to order the agency to act.") (Sanders, J., concurring in part, dissenting in part); Rios v. Department of Labor & Indus., 103 Wn. App. 126, 137, 5 P.3d 19, 25 (2000) ("If L & I failed in a legal duty, a court may issue an order requiring performance.").

[21] See Walker v. Munro, 124 Wn.2d 402, 411, 414, 879 P.2d 920 (1994) (Washington courts are prohibited from rendering advisory opinions).

[22] At oral argument, counsel for Boeing explained that the Assessor requested that the order specify the procedure for the Board to follow.

whom, it will prepare the initial decision and we believe at this stage that decision should be left to the Board.[23]

Therefore, we affirm the superior court, but remand to amend its order to read as follows: "This case is remanded to the Board of Tax Appeals and the Board is instructed to comply with the procedural requirements of WAC 456-09--925 through WAC 456-09-950."

HUNT, A.C.J., and SEINFELD, J., concur.

Review denied at 142 Wn.2d 1021 (2001).

---

[23] For example, the Board may wish to rehire the departed member who heard the evidence as a hearing officer under WAC 456-09-925(3). We take no position and do not mean to suggest what procedure the Board should follow, as long as the procedure it follows complies with WAC 456-09-925 to -955.