A02A1854. KAROLY et al. v. KAWASAKI MOTORS
CORPORATION, U.S.A. et al.
(576 SE2d 625)

MILLER, Judge.

Steven Allen Karoly and his wife brought a products liability action against Kawasaki Motors Corporation, U.S.A. and two affiliates to recover for injuries arising out of Karoly's accident on a Kawasaki personal watercraft ("Jet Ski"). Following a trial, the jury rendered a defense verdict. Plaintiffs appeal, arguing that the court erred in instructing the jury improperly and in excluding some of the evidence regarding incidents on other Kawasaki Jet Skis. We hold that plaintiffs waived some errors and that the other alleged errors are without merit. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that two weeks after purchasing a new, unmodified 1996 Kawasaki 1100 ZXi Jet Ski, Karoly took his family to the lake and allowed each of them to ride the watercraft. Karoly then rode the watercraft on choppy water at about 30 to 40 mph when he allegedly experienced an accident that caused him to go over the ski's handlebars, fracturing his hip and injuring his back severely. He could not recall how the accident occurred. Despite the alleged severity of the injuries and the nearby accessibility of medical resources, Karoly did not seek medical attention until some hours later when he returned to his hometown. He told medical providers that he had fallen in his backyard and twisted his leg.

Some days later, Karoly received a notice from Kawasaki that a small percentage of Jet Skis that had been modified and then operated at top-end speeds (over 55 mph) on smooth water had suddenly dove into the water and turned sharply, ejecting the drivers. The recall notice cautioned owners against modifying the Jet Ski and

stated that because the instability problem was also possible on unmodified watercraft operated at high speeds, corrective devices were available. He then called Kawasaki and announced he had been crossing a wake when his Jet Ski flipped him off. He also returned to his doctor and proclaimed that he had lied about the backyard accident and that in fact he had been thrown from the Jet Ski. He began to believe that his Jet Ski had experienced the same problem announced in the recall, even though he had been operating the unmodified watercraft on choppy water over a wake at a medium speed.

Karoly and his wife sued Kawasaki and two affiliates, asserting claims of product liability and negligence. After a lengthy trial, the jury returned a verdict for the defendants on all counts. Plaintiffs appeal, claiming that the court erred in four respects: (1) in failing to give a "risk-utility" charge to the jury, (2) in identifying Kawasaki (and not its affiliates) in its jury charge as the manufacturer that could be held liable under the doctrine of strict liability, (3) in excluding evidence of other incidents involving modified Jet Skis, and (4) in not permitting an expert witness to testify that the other incidents involving the modified Jet Skis were substantially similar.

1. Citing *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994), plaintiffs claim that the court erred in failing to instruct the jury on the "risk-utility" analysis set forth therein as a basis for liability. The plaintiffs asked for this charge, and the court ruled in the charge conference that it would not give the charge in the language proposed by plaintiffs but that it might give a similar charge from the pattern instructions. During its final charge, the court instructed the jury that a product was defectively designed if the risk of harm inherent in the product's design outweighed the benefits derived from the use of the product. Following the charge, the court asked for any objections to its instructions, and plaintiffs stated that they only had objections pertaining to two other matters.

By raising no objection to this instruction, plaintiffs acquiesced in the instruction as given. "As a result, any objection to the omission of the requested charge was waived. [Cits.]" *Smith v. Curtis*, 226 Ga. App. 470, 471 (1) (486 SE2d 699) (1997); see OCGA § 5-5-24 (a). Objections at charge conferences are insufficient to preserve a matter for appellate review. *Smith*, supra, 226 Ga. App. at 471 (1). Plaintiffs here were required to renew on the record any objections to the court's refusal to give the requested charge after the court instructed the jury. Id.; see *Whelchel v. Thomas Ford Tractor, Inc.*, 190 Ga. App. 156, 157 (2) (378 SE2d 510) (1989). Plaintiffs have waived this objection, and the alleged error is not so egregious that we will overlook this waiver under OCGA § 5-5-24 (c).

2. Plaintiffs complain that the court erred in identifying only Kawasaki, and not its affiliates, as manufacturers possibly liable for product defects. The record reflects otherwise. The court instructed the jury that "[u]nder Georgia law the manufacturer of a product may be liable to any person injured because of a defect in the product," and then defined a manufacturer as one who sells a product and has input or is actively involved in the design, concept, or specifications of the product. See *Nelson v. C. M. City, Inc.*, 218 Ga. App. 850, 852 (2) (463 SE2d 902) (1995), rev'd on other grounds sub nom., *NEC Technologies v. Nelson*, 267 Ga. 390 (478 SE2d 769) (1996). Thus, this general language could be applied to any of the defendants, depending on what evidence the jury believed. Even though the court once mistakenly referred only to Kawasaki as the manufacturer without immediately identifying the affiliates as possible manufacturers, the court throughout the rest of the charge was clear that all defendants were possible manufacturers.

Moreover, when plaintiffs brought this slight omission to the court's attention following the charge, the court acknowledged the omission and stated that it would correct the omission in the written charges that were going out with the jury. Plaintiffs' counsel responded, "That's fine." Acquiescence leaves plaintiffs no room to complain further. *Haywood v. Aerospec, Inc.*, 193 Ga. App. 479 (1) (388 SE2d 367) (1989); see *Moody v. Dykes*, 269 Ga. 217, 220 (3) (496 SE2d 907) (1998).

3. Plaintiffs contend that the court erred in excluding some of the evidence regarding allegedly similar incidents. The court allowed in evidence of several other incidents involving unmodified Jet Skis (Karoly was driving an unmodified Jet Ski), but disallowed evidence of incidents involving Jet Skis that had been modified on the ground that such were not shown to be substantially similar.

"Although evidence of other problematic incidents involving a product may be relevant and admissible in product liability actions, without a showing of substantial similarity, the evidence is irrelevant as a matter of law." (Citation and punctuation omitted.) *Shasta Beverages v. Tetley USA*, 248 Ga. App. 381, 385 (1) (b) (546 SE2d 800) (2001). "Generally speaking, questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal." (Citations and punctuation omitted.) Id. at 383 (1). Even relevant evidence may be excluded if its probative value is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice or confusion. Id.

We discern no abuse in the trial court's decision to admit evidence of other problematic incidents involving unmodified Jet Skis

but to exclude those involving modified Jet Skis (unless shown to be substantially similar). Modifications obviously are often intended to and could affect a watercraft's performance. Moreover, we note that plaintiffs did not proffer the proof of the modified watercraft incidents nor include such in the appellate record, thus making it impossible for this Court to evaluate their relevance.

4. Plaintiffs complain that they were not allowed to introduce the testimony of an expert who intended to show that the modified Jet Ski incidents were substantially similar. This expert, however, had already testified that he had not reviewed those or any other incidents for substantial similarity. Based on the expert's own testimony, we discern no abuse of discretion in the court's ruling. See *R. A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 183 (3) (539 SE2d 873) (2000) ("The admission or exclusion of evidence is reviewed by an abuse of discretion standard.") (citation, punctuation and footnote omitted).

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003 — ■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Lawson, Davis, Pickren & Seydel, Paul R. Jordan*, for appellants.
*Coleman & Dempsey, Robert P. Catlin III, Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr.*, for appellees.