### A06A0294. BUSTER v. POOLE et al.
(632 SE2d 680)

MILLER, Judge.

Lisa D. Buster sued Cathy J. Poole and Poole's minor daughter for damages that she sustained in a traffic accident. The Pooles admitted causing the accident, but denied that it resulted in Buster's claimed injuries. After Buster's physician failed to appear in court to testify on her behalf, a jury returned a verdict in favor of the Pooles. Buster appeals, claiming that the trial judge erred in (i) denying her request for a continuance and refusing to cite her physician for contempt for failing to appear in court; (ii) denying her request to call the court clerk to testify regarding her conversation with the physician's office manager; and (iii) denying her request to introduce recorded phone messages from the physician. We discern no error and affirm.

---

The record reveals that in January 2001, Buster was driving in DeKalb County when her van collided with a car owned by Poole and driven by Poole's daughter. In December 2002, Buster filed a complaint for damages against the Pooles. The trial commenced in the State Court of DeKalb County on March 1, 2005. Buster's counsel informed the trial judge that his investigator had served Buster's physician, Dr. Zada Weston-Hill, with a subpoena the previous afternoon and that he had spoken with Dr. Weston-Hill's office manager, who indicated that Dr. Weston-Hill was having difficulty getting to court.

After Dr. Weston-Hill failed to appear in court, Buster's counsel moved to enforce the subpoena by attachment for contempt. The trial judge heard testimony of the investigator who served Dr. Weston-Hill but refused to allow Buster's counsel to call the court clerk to testify as to her conversations with Dr. Weston-Hill's office manager or to introduce recorded messages that Dr. Weston-Hill had allegedly left on his cell phone. The court denied the motion to enter the attachment for contempt, and Buster rested her case without the testimony of Dr. Weston-Hill.[1]

1. Buster claims that the trial court erred in denying her attachment for contempt motion and request for continuance of the trial. We disagree.

OCGA § 24-10-25 (a) provides that in determining whether a subpoena should be enforced by attachment for contempt, "the court shall consider whether under the circumstances of each case the subpoena was served within a reasonable time, but in any event not less than 24 hours prior to the time that appearance thereunder was required." Here, the subpoena was served on the afternoon of February 28, 2005 and required Dr. Weston-Hill to appear in court at 9:00 on the following morning, as well as the two consecutive mornings after that. Pretermitting whether Dr. Weston-Hill's appearance was required after the statutory minimum of 24 hours had passed following the service of the subpoena, the trial judge was authorized under the statute to decline to enforce the subpoena by concluding that service was not perfected within a "reasonable time."

"The trial court's findings in a contempt hearing will not be disturbed unless the judge has grossly abused [her] discretion." (Citation omitted.) *Cook v. Thomas*, 175 Ga. App. 836 (334 SE2d 727) (1985). In addition, "[d]enial of a motion for continuance lies within the discretion of the trial court, and unless manifestly abused, the denial thereof will not be disturbed." (Citation omitted.) *Scott v. State*,

---

[1] Since Buster failed to take the deposition of Dr. Weston-Hill, she was also unable to introduce deposition testimony in lieu of Dr. Weston-Hill's live testimony at trial.

240 Ga. App. 586, 587 (524 SE2d 287) (1999). Here, Buster waited until the eve of trial to serve Dr. Weston-Hill, who is a physician with an active practice. The trial court did not abuse its discretion in determining that such service was not reasonable under OCGA § 24-10-25 (a). As a result, the trial judge did not err in refusing to grant Buster a continuance and in refusing to cite her physician in contempt for failing to appear in court.

2. Buster claims that the trial court erred in denying her requests to call the court clerk as a witness to testify regarding the clerk's conversations with Dr. Weston-Hill's office manager, and to tender evidence of recorded phone messages left by Dr. Weston-Hill on her counsel's cell phone. Again, we disagree.

"In general, the admission of evidence is a matter within the sound discretion of the trial judge." (Citation and punctuation omitted.) *Jackson v. Heard*, 264 Ga. App. 620, 621 (591 SE2d 487) (2003). Furthermore, "questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal." (Citations and punctuation omitted.) *Karoly v. Kawasaki Motors Corp.*, 259 Ga. App. 225, 227 (3) (576 SE2d 625) (2003).

Buster asserts that the conversations between Dr. Weston-Hill's office manager and the court clerk and the messages left by Dr. Weston-Hill on her counsel's cell phone would establish that Dr. Weston-Hill received the subpoena and gave conflicting excuses for her failure to appear in court. Since the subpoena here was unenforceable, however, such evidence was properly excluded as irrelevant under OCGA § 24-2-1 (providing that evidence must relate directly or indirectly to matters being tried in order to be admissible); see also *Lee v. State*, 241 Ga. App. 182, 183 (1) (525 SE2d 426) (1999) (irrelevant evidence properly excluded).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 25, 2006 —
RECONSIDERATION DENIED JUNE 16, 2006 — ■

*Michael B. King*, for appellant.
*Jabari C. Rollins*, for appellees.