# Court of Appeals
# of the State of Georgia

ATLANTA, _December 04, 2013_

*The Court of Appeals hereby passes the following order:*

## A14D0128. LAURA JEAN VICTORE v. MARKAILA NOVITSKY et al.

Markaila and Helen Novitsky filed a personal injury action against Laura Jean Victore. After the jury rendered a verdict in favor of Victore, the trial court entered judgment in her favor. The court, however, denied her request for attorney fees and litigation expenses under OCGA § 9-11-68. Victore then filed this application for discretionary appeal.

Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." It does not appear that any provision of OCGA § 5-6-35, the discretionary appeal statute, applies here.[1]

This Court will grant an otherwise timely discretionary application pursuant to OCGA § 5-6-35 (j) if the order is subject to direct appeal and the applicant has not

---

[1] Victore states that an application was required under OCGA § 5-6-35 (a) (6) because "the amount in controversy is less than $10,000." That statute requires a discretionary application in actions for damages "in which the judgment is $10,000.00 or less." No application is needed, however, for the appeal of a "zero" award. *Smith v. Curtis*, 226 Ga. App. 470 n. 1 (486 SE2d 699) (1997). In any event, Victore is seeking to appeal not the "zero" award, but the denial of her request for attorney fees under OCGA § 9-11-68. And while an appeal from the denial of a request for attorney fees under OCGA § 9-15-14 requires an application for discretionary appeal, see OCGA § 5-6-35 (a) (10), an appeal from the denial of a request for fees under OCGA § 9-11-68 does not.

timely filed a notice of appeal. As it does not appear that Victore has filed a notice of appeal, this application is hereby GRANTED. Victore shall have ten days from the date of this order to file a notice of appeal with the trial court. The trial court is instructed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/04/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*