## A92A0679. COOLER v. BAKER.
(420 SE2d 649)

POPE, Judge.

Appellant/plaintiff Cindy A. Cooler was employed from June 1986 to January 1990 at M. C. Anderson Construction Company as secretary to Thad Ackerman. Although plaintiff only worked for Ackerman, she occasionally did small tasks for appellee/defendant Robert Baker. Baker is the son-in-law of M. C. Anderson, the owner of the company. After plaintiff was involuntarily separated, she filed an intentional infliction of emotional distress claim against Ackerman, Baker and M. C. Anderson, individually and d/b/a M. C. Anderson Construction Company. Defendant Baker moved for summary judgment and the trial court granted his motion. Plaintiff appeals.

In her complaint, plaintiff alleges that Baker used foul and abu-

sive language to her in the presence of others and that she was offended by that language. During plaintiff's deposition the following colloquy took place concerning Baker's conduct that was offensive to her: "[Defendant's attorney:] Is Robert Baker a major part of this suit? [Ms. Cooler:] Robert Baker used foul and abusive language to me. He called me a name every time he walked into the office, every time he saw me, "hi, wench, how you doing," regardless of who was around or whatever. . . . [Defendant's attorney:] How would you react then? [Ms. Cooler:] I just carried on like, you know, this is the boss' son-in-law, and you know, you don't say don't call me that name, because you might be fired for something like that. [Defendant's attorney:] So you are saying you never told him not to call you that? [Ms. Cooler:] I never said anything to him to let him know because I was afraid that could cost me my job."

1. We hold that the trial court did not err in granting Baker's motion for summary judgment. "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. [Cit.]" *Yarbray v. Southern Bell Tel. &c. Co.,* 261 Ga. 703, 706 (409 SE2d 835) (1991). "[I]t is not enough that [Baker's] conduct in [this] situation is intentional or that it is wilful and wanton. In order to warrant recovery . . . the conduct also must be of such serious import as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress. Otherwise, the conduct will not rise to the requisite level of outrageousness and egregiousness. [Cits.] The Restatement (Second) of Torts, [Ch. 2, Emotional Distress,] § 46 (1), comment d, after discussing the generally recognized requirement for extreme and outrageous conduct as a prerequisite for liability in emotional distress tort cases observes that: '(t)he liability clearly does not extend to mere *insults, indignities*, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of . . . filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.' " (Emphasis supplied and omitted.) *Moses v. Prudential Ins. &c.,* 187 Ga. App. 222, 225 (369 SE2d 541) (1988).

Baker's use of the word "wench" to refer to plaintiff does not arise to the level of outrageousness necessary to support a claim against Baker. Furthermore, plaintiff's own testimony shows that she was not severely offended by Baker's use of the term "wench" to refer to her — she never asked him to stop using the term to refer to her nor was she concerned enough about the negative implications of the

term to discover its meaning before she was terminated by M. C. Anderson Construction Company. Thus, considering the totality of circumstances of this case, we hold that Baker's conduct did not rise to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress.

2. Plaintiff further contends that the trial court erred by not giving due consideration to plaintiff's "delicate" personality. As we recently recognized in *Williams v. Voljavec*, 202 Ga. App. 580, 582 (415 SE2d 31) (1992) "[a] defendant's knowledge of a plaintiff's particular susceptibility to injury from emotional distress is often critical in weighing the extreme and outrageous character of conduct. . . ." Plaintiff failed to show that Baker had any knowledge of her particular susceptibility. Although there is evidence that plaintiff was sexually and otherwise harassed by Ackerman at work and also had family problems, there was no evidence presented that Baker had knowledge of Ackerman's conduct or of plaintiff's family problems. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 2, 1992.

*Clark & Clark, Fred S. Clark*, for appellant.
*Oliver, Maner & Gray, James P. Gerard*, for appellee.