A92A1820. HENDRIX v. PHILLIPS et al.
(428 SE2d 91)

POPE, Chief Judge.
Plaintiff Vickie F. Hendrix is a former employee of the Gwinnett County School System Department of Transportation. She voluntarily resigned in June 1989. One year later, in June 1990, plaintiff filed a complaint against defendant Zachery Keith Phillips III, a co-worker, and Dr. Jack Staff, her supervisor, alleging she had been harmed by their intentional infliction of emotional distress.

Plaintiff's complaint against defendant Phillips is based upon a series of comments and acts she alleges he committed, including showing her a drawing he made depicting fecal matter moving through a colon; showing her a hole in the crotch of his pants and asking her, in the presence of co-workers, if she would like to staple the hole closed; a lewd gesture referring to sexual activity he supposed she engaged in with her husband on a vacation trip; a verbal

---

confrontation in a working meeting at which he cursed the plaintiff; and a series of complaints he filed against her with supervisor Dr. Staff. Plaintiff's complaint against defendant Staff is based upon his treatment of her in his supervisory capacity, including repeated meetings with her to review complaints against her by co-workers and a meeting concerning a written job evaluation during which she alleges he threatened her with a poor evaluation but allowed a period of two weeks to improve her evaluation, after which he filed a written report in which he praised plaintiff for her abilities and gave her performance ratings which exceeded the ratings given her in previous evaluations made by other supervisors. Defendants moved for and were awarded summary judgment. Plaintiff appeals.

1. In *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985), this court noted the four elements of the tort of intentional infliction of emotional distress set forth in the Restatement (Second) of Torts § 46, all four of which must be present in order for the claimant to recover: " '(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must be severe.' " Plaintiff argues the conduct she alleges defendants engaged in meets the requirement of being extreme and outrageous because it arose in the context of the employee-employer relationship. "The court has recognized that 'the existence of a special relationship in which one person has control over another, as in the employer-employee relationship, may produce a character of outrageousness that otherwise might not exist.' *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. [at 230]." *Coleman v. Housing Authority of Americus*, 191 Ga. App. 166, 169 (381 SE2d 303) (1989). Relying upon our decision in *Coleman,* plaintiff argues the trial court erred in granting summary judgment to defendants.

In *Coleman*, the conduct complained of consisted of a pattern of explicit sexual harassment by plaintiff's supervisor through conversations, innuendo and body language. Because of the cumulative effect of the conduct which occurred in the employment setting, we ruled the evidence created an issue for jury determination concerning plaintiff's claim of intentional infliction of emotional distress against the defendant supervisor. In the case at hand, however, no pattern of sexual harassment was shown. Those isolated instances of alleged conduct which plaintiff claims were sexually offensive were simply instances of tasteless and rude social conduct which is not actionable. See *Kornegay v. Mundy*, 190 Ga. App. 433 (379 SE2d 14) (1989).

Regarding the instance in which defendant Phillips cursed the plaintiff in a business meeting, the record shows Phillips made a written apology and was formally reprimanded for his conduct by defend-

ant Staff. These acts in mitigation of plaintiff's distress contraindicate the necessary element of intent to inflict emotional distress. See *Crowe v. J. C. Penney, Inc.*, 177 Ga. App. 586, 588 (1) (340 SE2d 192) (1986).

Regarding defendant Staff's repeated meetings with plaintiff, she admitted at deposition that the meetings were in response to complaints made against her by other employees. We reject plaintiff's argument, in reliance upon *Anderson v. Chatham*, 190 Ga. App. 559, 566 (8) (379 SE2d 793) (1989), that defendant Staff's alleged threat to give plaintiff an unfavorable evaluation creates an issue for jury determination. In *Anderson*, when the plaintiff's employment was terminated she was threatened with retaliation if she attempted to make a claim for certain benefits allegedly due her. This court ruled that summary judgment was properly denied the defendant employer on the ground that the facts alleged stated a claim for wilful or reckless disregard for the plaintiff's rights. In this case, the alleged conduct did not deprive plaintiff of any rights and, in fact, the record shows Staff ultimately gave plaintiff a more favorable review than she had previously received from other supervisors. The comments to which plaintiff objects consisted merely "of expressions of dissatisfaction with [plaintiff's] job performance or suggestions that if [plaintiff] did not improve [her] job performance [she would receive a poor evaluation]." *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771, 772 (324 SE2d 593) (1984) (in which we affirmed the grant of summary judgment to the employer defendant in a case alleging intentional infliction of emotional distress). In fact, a review of the record shows the case arises out of "ongoing frustration in the workplace, born of a personality conflict with [co-employees, which] does not give rise to an action for intentional infliction of emotional distress." *Kornegay v. Mundy*, 190 Ga. App. at 435.

2. Plaintiff submitted the affidavits of her treating psychiatrist and psychologist attesting to their opinion that plaintiff suffered severe depression and anxiety which was caused primarily by the insulting treatment she received during her employment with the Gwinnett County School System. Defendants moved to strike the affidavits. Plaintiff argues the trial court erred in failing to rule on the sufficiency of the affidavits before ruling on defendants' motions for summary judgment. It was not necessary for the trial court to address the issue of the sufficiency of plaintiff's expert witness affidavits. Regardless of the sufficiency of plaintiff's evidence on the elements of severity of distress and causation, the evidence did not otherwise establish a prima facie case of intentional infliction of emotional distress. Consequently, the filing of the affidavits did not preclude the grant of summary judgment. See *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. at 231 (2).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

Decided February 3, 1993 —
Reconsideration denied February 19, 1993 —

*L. Thomas Cain, Jr.,* for appellant.
*Arnall, Golden & Gregory, Karen B. Bragman, Frank N. White, Thompson & Sweeny, E. Victoria Sweeny,* for appellees.