## A00A1270. HODOR v. GTE MOBILNET, INC. et al.
(535 SE2d 300)

MCMURRAY, Senior Appellate Judge.

While employed with defendant GTE Mobilnet, Inc. ("GTE"),[1] Brenda E. Hodor claimed that her supervisor, defendant Susan Bear, expressed insensitive remarks and otherwise engaged in conduct which caused plaintiff extreme emotional distress. Summary judgment was granted to the defendants, and plaintiff appeals. *Held*:

Summary judgment under OCGA § 9-11-56 is appropriate in cases in which there are no genuine issues of material fact and the undisputed facts, viewed in the light most favorable to the party opposing the motion, warrant judgment as a matter of law.[2]

Viewing the evidence in this light, we cannot conclude that the trial court erred in granting summary judgment to the defendants. Plaintiff deposed that she originally was hired by Contel Corporation ("Contel") in 1985. GTE became plaintiff's employer in 1991 after the companies merged, and plaintiff began working under Bear's super-

---

[1] Defendants claim GTE is an improperly named party and that plaintiff's true employer is GTE Mobile Communications Service Corporation. However, our holding moots this issue.

[2] *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71 (532 SE2d 463).

vision in July 1991. In 1992, plaintiff contracted trigeminal neuralgia, an excruciatingly painful facial nerve condition. A psychiatrist averred that plaintiff suffers from major depression caused by work-related stress, in aggravation of her disorder. Plaintiff also attributes her depression to mistreatment at work rather than her nerve disorder. However, plaintiff deposed that she had a history of stress and depression necessitating a leave of absence from Contel, predating her employment with GTE.

Due to her disorder, plaintiff was absent from work approximately 49 days during 1993 and from August 16 through December 31, 1994. GTE authorized plaintiff's medical leave, paying her full salary and benefits. In August 1994, Bear submitted a performance evaluation stating plaintiff had provided a "great benefit" to GTE by traveling to Argentina to assist GTE in a crisis. Plaintiff received three pay increases and two promotions under Bear's supervision.

It is against this backdrop that we examine the comments plaintiff deposed Bear made to plaintiff in the presence of co-workers.[3] Plaintiff averred that Bear joked on numerous occasions that plaintiff "had to eat baby food." Plaintiff's co-workers found this "hilarious," while plaintiff found it demeaning. Plaintiff's former assistant also averred that Bear mocked and ridiculed plaintiff regularly in the presence of other employees.

Plaintiff further deposed that when she declined Bear's invitation to a luncheon with the purchasing department in May 1994, Bear said plaintiff's refusal was a "black strike against her." Next, when the purchasing team was not given an opportunity to present a proposal during the first quarter of 1994, plaintiff averred that Bear commented that she "felt like a slave in the deep South in 1856 when they were sold." Plaintiff inferred racial animus from these two remarks.[4]

Finally, plaintiff deposed that Bear and Penny Duke, an employee in GTE's human resources department, denied plaintiff's request to work from home for two weeks in July 1995 to adjust to a medication change. Instead, plaintiff was permitted to work a reduced schedule, from 7:00 a.m. until 12:30 p.m.

A plaintiff who claims intentional infliction of emotional distress must prove the following four elements: "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme

---

[3] For the purpose of reviewing the trial court's grant of summary judgment, we will accept plaintiff's factual allegations as true. See *Frank v. Fleet Finance &c.*, 238 Ga. App. 316, 317 (518 SE2d 717).

[4] On the basis of Bear's remarks, plaintiff filed an Equal Employment Opportunity Commission complaint and a federal lawsuit alleging discrimination. In their appellate brief, defendants assert that they were granted summary judgment in that action.

and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe."[5]

In the case sub judice, plaintiff's claim fails the second hurdle because the conduct at issue falls into the type of derogatory comments made in the workplace which generally are not considered extreme and outrageous.[6]

> Comments made within the context of one's employment may be horrifying or traumatizing, but are generally considered a common vicissitude of ordinary life. Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Such does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to . . . occasional acts that are definitely inconsiderate and unkind.[7]

Contrary to plaintiff's argument, the conduct of which she complains is not akin to the purported conduct which led this Court to rule in *Coleman v. Housing Auth. of Americus*[8] that a genuine issue of material fact remained for jury determination concerning plaintiff's claim of intentional infliction of emotional distress against her supervisor. In *Coleman*, plaintiff alleged her male supervisor engaged in a pattern of explicit sexual harassment, through, among other things, the use of abusive and obscene language, the proffer of a pornographic videotape, inquiry into her marital sexual relations, and racist and sexist jokes.[9]

Unlike the supervisor's conduct in *Coleman*, Bear's statements in the case sub judice, however rude and insensitive they may be, "do not, as a matter of law, rise to the requisite level of egregious or outrageous behavior which justifiably results in that severe fright, humiliation, embarrassment, or outrage which no reasonable person is expected to endure."[10]

---

[5] *Frank v. Fleet Finance &c.*, supra at 318.
[6] *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 59 (529 SE2d 144). See also *Peoples v. Guthrie*, 199 Ga. App. 119, 121 (2) (404 SE2d 442) (where supervisor falsely accused employee, in presence of co-workers, of cheating on a test, conduct was held not extreme or outrageous).
[7] (Citations and punctuation omitted.) *Jarrard v. United Parcel Svc.*, supra at 59.
[8] 191 Ga. App. 166, 169 (1) (381 SE2d 303).
[9] Id.
[10] *Kornegay v. Mundy*, 190 Ga. App. 433, 434 (1) (379 SE2d 14).

Accordingly, defendants successfully pierced an essential element of plaintiff's claim, and the trial court did not err in granting summary judgment.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2000.

*Gordon L. Joyner*, for appellant.

*Alston & Bird, Lisa H. Cassilly, Anne E. Lubell*, for appellees.

