## A03A2123. JACKSON v. HEARD.
### (591 SE2d 487)

MILLER, Judge.

Allison Heard sued Wendy Ann Jackson and Brett Robert Wright for injuries Heard suffered when Jackson's automobile crossed the centerline and struck Heard's vehicle. Jackson defended that she was escaping from co-defendant Wright who had secretly drugged her in an attempt to rape her. The court denied Jackson's pre-trial motion in limine to exclude co-defendant Wright's testimony that on the date of the accident, he had hired Jackson to provide him sexual services for money, and that he therefore had no reason to secretly drug Jackson to rape her. We granted Jackson's application for interlocutory appeal. We hold that the trial court did not abuse its discretion in denying this portion of the motion in limine.

According to Wright's deposition testimony, he found Jackson through a website advertisement for prostitution services and hired her for that purpose on seven or eight prior occasions. On the date of the accident, she again came to his residence for that purpose, at which time he was drinking an alcoholic drink laced with the drug "Verve," which he believed would give him smoother skin and more hair growth and which he believed would relax him. He did not consider it a "date rape" drug. At Jackson's request, he allowed her to drink the concoction also, although he did not tell her of its ingredients. The two then ingested some cocaine. Jackson had a second drink of the concoction and began to feel "funny." She insisted on leaving and drove away over his objection. When he later called her on her cell phone, an officer answered and informed him of the accident.

According to Jackson's deposition testimony, she was not nor had she ever been a prostitute and was only going over to Wright's residence to take him up on his offer to treat her to a restaurant dinner for her birthday. She drank an alcoholic beverage at Wright's residence without knowing it was laced with Verve. Although her memory was hazy about subsequent events, she believed she ingested some cocaine while there. Her body began to go numb and she could not control her movements. She could not feel her legs and began to fade in and out of consciousness. Fearing that Wright was going to rape her, she escaped in her car over his objection and used her cell phone to call her girlfriend, whom she told to call 911. She then blacked out, leading to the accident with plaintiff.

Plaintiff has sued both Jackson and Wright for damages. Jackson moved in limine to exclude Wright's testimony that Jackson was engaged in prostitution generally and that she was at his house to provide sex for money on the date of the accident. Wright and plaintiff both opposed the motion, arguing that the testimony showed that

Jackson negligently drove her car (despite her admitted impaired mental state) rather than staying put and seeking assistance from authorities out of fear that her illegal prostitution activity would be exposed, and not out of any fear of rape. Wright also argued that the testimony demonstrated that Wright had no reason to secretly drug Jackson to obtain sex. The court denied the motion in part, holding that the evidence that Jackson was at Wright's residence to provide sex for money was relevant for the reasons enunciated by plaintiff and Wright. The court, however, ordered that evidence of Jackson's engaging in prostitution generally could only be brought in as impeachment evidence. Jackson appeals, arguing that none of the evidence was relevant and that in any case the prejudicial impact of the evidence outweighed any probative value.

"In general, the admission of evidence is a matter within the sound discretion of the trial judge." *Wolf Camera v. Royter*, 253 Ga. App. 254, 261 (4) (558 SE2d 797) (2002). Absent an abuse of that discretion, we will not interfere with a trial court's determination as to the admission or exclusion of evidence on the grounds of relevancy. *Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (4) (364 SE2d 588) (1987); see generally OCGA § 24-2-1. Indeed, "Georgia law favors the admission of any relevant evidence, no matter how slight its probative value may be, and, on the balance, evidence of even doubtful relevance should be admitted." *Wolf Camera*, supra, 253 Ga. App. at 261 (4), citing *Baker v. State*, 246 Ga. 317, 319 (3) (271 SE2d 360) (1980). Thus, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation and punctuation omitted.) *Beam v. Kingsley*, 255 Ga. App. 715, 717 (2) (566 SE2d 437) (2002).

Here the court did not abuse its discretion in holding that the evidence was relevant and therefore admissible. If believed, the testimony that Jackson was at Wright's home to provide sexual services for money would diminish the possibility that she feared rape and would therefore make less credible her claim that she needed to hurriedly drive off in her automobile — despite her acknowledged impaired mental state — to escape rape. It would also help to explain why she chose to drive off in her car rather than call police, who may have discovered her illegal prostitution activity. Finally, it could also make it less likely that Wright secretly slipped her a "date rape" drug to obtain sex, since she would have already agreed to provide him with sex at that time.

It is true that a trial judge has the discretion to exclude even relevant evidence if the judge finds that the probative value of the evidence is substantially outweighed by the risk that its admission will unduly prejudice or mislead the jury or confuse the issues being tried. See *Foster*, supra, 185 Ga. App. at 456 (3). Here the court found

that this was not the case and exercised its discretion to admit the evidence. Under the circumstances, we discern no abuse here. See *Butgereit v. Enviro-Tech Environmental Svcs.*, 262 Ga. App. 754, 758 (3) (586 SE2d 430) (2003); *Robert Stovall Family, L.P. v. Carroll County Water Auth.*, 255 Ga. App. 223, 224-225 (564 SE2d 763) (2002). Similarly, we discern no abuse in the trial court's decision to exclude the evidence that Jackson was a prostitute generally, except for impeachment purposes.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003.

*Downey & Cleveland, Joseph C. Parker, Alan J. Gibson*, for appellant.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III, Miles, McGoff & Moore, Larry A. Pankey, Kevin J. McDonough*, for appellee.