A06A1888. LOCKHART v. MARINE MANUFACTURING CORPORATION et al.

(635 SE2d 405)

BLACKBURN, Presiding Judge.

In this personal injury action, Milton Lockhart appeals the grant of summary judgment on his claim for intentional infliction of emotional distress against his former employer, Marine Manufacturing Corporation (Marine), and two former supervisors, Floyd Lutrell and Jeff Mass, for comments made to Lockhart by Marine employees. We hold that the Marine employees' comments do not constitute the "extreme and outrageous conduct" required to sustain a claim for an intentional infliction of emotional distress; accordingly, we affirm the trial court's grant of summary judgment in favor of the defendants.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards.

---

[16] See *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).

(Emphasis omitted.) *Gwinnett Health System v. Delu.*[1]

Construed in favor of Lockhart, the evidence shows that while working at Marine, Lockhart experienced four incidents of racist-laden and insulting comments originating from three Marine employees, including Lockhart's supervisors. The first incident occurred shortly after Lockhart began work at Marine in April 2001. Lutrell, one of Lockhart's supervisors and a Caucasian, ordered Lockhart, an African-American, to retrieve an item that Lutrell required or else Lutrell would "have the [Ku Klux] Klan burn a cross in your yard." Another incident occurred approximately three months later when Lockhart was moving boat motors with a forklift. A fellow Marine employee told Lockhart to be careful with the motors because "you can't pay for that [motor] with food stamps." This comment was overheard by the plant manager, Jeff Mass.

The next incident occurred sometime later and involved plant manager Mass. Displeased with the speed at which Lockhart was performing a certain task, Mass told Lockhart that "I ain't your m-----f------- nigger. I ain't going to be doing your m-----f------ work for you." Startled by Mass's comment, Lockhart asked Mass to repeat himself, and Mass reiterated the "same exact thing." Thereafter, Lockhart quit Marine. However, a few days later Mass visited Lockhart's home to apologize for the comments. Lockhart then returned to work at Marine.

The fourth and final incident occurred sometime after Lockhart returned to work at Marine. Lockhart went to work in his pickup truck while hauling his boat. When leaving work for a fishing trip, Lutrell observed Lockhart hauling the boat and said, "Boy, you're buying a lot of stuff. You must be selling drugs." Lockhart "blew the comment off" and responded, "Yeah." In June 2002, several months after the final incident, Lockhart was terminated due to a fistfight with another employee. At no time during Lockhart's employment with Marine did Lockhart ever complain to upper management concerning these comments.

After his termination, Lockhart sued Marine, Mass, and Lutrell, alleging intentional infliction of emotional distress due to the comments referenced above. The trial court granted the defendants' summary judgment motion on the ground that the comments did not amount to extreme and outrageous conduct, which ruling Lockhart now appeals.

To prove a claim of intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was

---

[1] *Gwinnett Health System v. Delu*, 264 Ga. App. 863, 864 (592 SE2d 497) (2003).

a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe. *Johnson v. Allen.*[2] Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. *Northside Hosp. v. Ruotanen.*[3] When reviewing the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence. Id. at 434.

Here, Lockhart's claim fails the second prong because the comments at issue fall "into the type of derogatory comments made in the workplace which generally are not considered extreme and outrageous." *Hodor v. GTE Mobilnet.*[4]

> Comments made within the context of one's employment may be horrifying or traumatizing, but are generally considered a common vicissitude of ordinary life. Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Such does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

(Footnote omitted.) *Jarrard v. United Parcel Svc.*[5]

In the case sub judice, while the four comments were certainly insulting and degrading, several factors show that the comments do not go beyond all possible bounds of decency nor "rise to the requisite level of egregious or outrageous behavior which justifiably results in that severe fright, humiliation, embarrassment, or outrage which no reasonable person is expected to endure." (Punctuation omitted.) *Hodor*, supra, 244 Ga. App. at 299. First, only four comments were made to Lockhart in the fourteen months he worked at Marine, and three of the comments were related to Lockhart's job performance. Lockhart admitted that he never filed any report or complaint with a Marine supervisor. Indeed, Lockhart received an apology from Mass for the most egregious comment and agreed thereafter to return to work at Marine. Finally, the comments did not originate from one

---

[2] *Johnson v. Allen*, 272 Ga. App. 861, 865 (2) (613 SE2d 657) (2005).
[3] *Northside Hosp. v. Ruotanen*, 246 Ga. App. 433, 435 (541 SE2d 66) (2000).
[4] *Hodor v. GTE Mobilnet*, 244 Ga. App. 297, 299 (535 SE2d 300) (2000).
[5] *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 59 (529 SE2d 144) (2000).

person in a systematic effort to belittle and abuse Lockhart. Instead, the isolated comments originated from different employees as reactions to particular work situations over a lengthy period of time.

These circumstances are similar to those presented in *Hodor*, supra, in which we affirmed summary judgment in favor of the employer. In *Hodor*, the plaintiff (an African-American) alleged that her white male supervisor mocked and ridiculed the plaintiff in the presence of her co-workers and derided plaintiff for having to eat " 'baby food' " due to a facial nerve condition. Id. at 298. Furthermore, the supervisor also claimed at one point that the plaintiff was on " 'black strike against [the supervisor]' " and at another time claimed that the plaintiff must have " 'felt like a slave in the deep South in 1856 when they were sold.' " Id. We found these comments to be racially-laden, rude, and insensitive, but not " 'egregious or outrageous behavior' " so as to sustain a claim for intentional infliction of emotional distress. Id. at 299. We hold similarly here.

Contrary to Lockhart's argument, the conduct of which he complains is not akin to the purported conduct in *Coleman v. Housing Auth. of Americus*.[6] In *Coleman*, the plaintiff alleged that, over her repeated objections, her male supervisor engaged in a concentrated campaign of explicit sexual harassment through, among other things, the proffer of pornographic videotapes and sexually explicit cartoons, inquiry into the plaintiff's marital sexual relations, and a three-year uninterrupted and repeated barrage of abusive, obscene, racist, and sexual jokes. Id. at 168-169. Here, we do not have such a lengthy orchestrated and abusive attack that was done over plaintiff's vociferous objections.

Accordingly, the trial court did not err in granting summary judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 15, 2006.

*Mills & Larkey, Ben B. Mills, Jr.*, for appellant.
*Preston & Preston, Robert H. Preston, Gilbert, Harrell, Sumerford & Martin, Wallace E. Harrell*, for appellees.

---

[6] *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 169 (1) (381 SE2d 303) (1989).