A08A0777. COOK v. COVINGTON CREDIT OF GEORGIA, INC. et al.

(660 SE2d 855)

BLACKBURN, Presiding Judge.

In this tort action, Charlie Cook sued Sharon Gravitt, John Carter, and their employer, Covington Credit of Georgia, Inc., alleging that he suffered damages as a result of defendants' assault, battery, and intentional infliction of emotional distress. Following a directed verdict in favor of defendants as to Cook's intentional infliction of emotional distress claim and a jury verdict in favor of defendants as to his remaining claims, Cook appeals, arguing that the trial court erred in (i) excluding the testimony of one of his proffered witnesses and (ii) granting defendants' motion for directed verdict on the ground that defendants' conduct was not sufficiently extreme or outrageous. For the reasons set forth below, we affirm.

A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.

---

(Punctuation omitted.) *Moran v. Kia Motors America.*[1]

So viewed, the record shows that in November 2004, Cook had fallen behind on the repayment of a loan he had obtained from Covington Credit. As employees of Covington Credit, Gravitt and Carter attempted to contact Cook via telephone calls to discuss his default but, for the most part, were unsuccessful. On November 22, 2004, in a final attempt to meet with Cook and resolve the matter before filing a lawsuit, Gravitt and Carter went to the local hospital where Cook was employed as a janitor. Upon finding Cook, Gravitt and Carter confronted him regarding his default on the loan. Cook became upset, asked them both to leave, and also asked them not to bother him at work. Ignoring Cook's request, Gravitt continued her attempt to discuss the matter with him face to face, at which point Cook pushed her to the ground. Carter intervened, was pushed by Cook, and the two began fighting. During the brief melee, Carter insulted Cook with racial epithets. Hospital staff quickly broke up the fight, and the police were called.

As a result of the incident, Cook was suspended from his job for three days, during which time the hospital required him to undergo financial counseling. In November 2005, he filed suit against Gravitt, Carter, and Covington Credit, alleging that he suffered damages as a result of defendants' assault, battery, and intentional infliction of emotional distress. At trial, Cook, Gravitt, Carter, and several other witnesses testified regarding the confrontation and ensuing fight. At the close of Cook's evidence, defendants moved for a directed verdict as to Cook's claim of intentional infliction of emotional distress, arguing that Cook had failed to show that defendants' conduct was extreme or outrageous and that he had failed to show that his emotional distress was severe. The court granted defendants' motion, and the jury ultimately rendered a verdict in favor of defendants as to Cook's remaining claims. This appeal followed.

1. Cook contends that the trial court erred in excluding the testimony of one of his proffered witnesses on the ground that the witness's testimony was irrelevant. We disagree. "A trial court retains broad discretion in determining whether to admit or exclude evidence, and an appellate court generally will not interfere with that discretion absent abuse." *Carlisle v. Abend.*[2] Specifically, absent an abuse of discretion, "we will not interfere with a trial court's determination as to the admission or exclusion of evidence on the grounds of relevancy." *Jackson v. Heard.*[3]

---

[1] *Moran v. Kia Motors America,* 276 Ga. App. 96 (622 SE2d 439) (2005).
[2] *Carlisle v. Abend,* 288 Ga. App. 150, 151 (2) (653 SE2d 388) (2007).
[3] *Jackson v. Heard,* 264 Ga. App. 620, 621 (591 SE2d 487) (2003).

During the trial of this matter, Cook called Charlie Glenn, another employee of the hospital, as a witness who would testify that Covington Credit had been harassing Glenn after confusing him with Cook. Upon defense counsel's objection that Glenn's testimony would be irrelevant, the trial court allowed Cook to make a proffer to demonstrate relevance outside the presence of the jury. Glenn then testified that Covington Credit had phoned him several times at work, claiming that he owed money, which he ignored since he had never obtained a loan from the company. He further testified that a few days before Cook's confrontation with Gravitt and Carter, he went to Covington Credit's local office, presented the employees there with his identification to show that they were calling the wrong person, and demanded that the calls cease. However, when questioned by the trial court, Glenn stated that he had not informed Cook that Covington Credit had been harassing him until after the November 22 incident. Consequently, the trial court excluded Glenn's testimony on the ground that Covington Credit's conduct toward Glenn was not relevant to the issue of whether its conduct toward Cook was extreme or outrageous.

Under these circumstances, we discern no abuse of discretion. Covington Credit's conduct toward Glenn did not affect Cook whatsoever given the fact that he was not even aware of such conduct until after his own confrontation with Covington Credit employees. Thus, Covington Credit's conduct toward Glenn was irrelevant to the issue of whether its conduct and that of its employees toward Cook was extreme or outrageous. See *Sanders v. Brown*[4] (evidence of appellees' previous disputes with neighboring landowners other than appellants was irrelevant to issue of whether appellees' conduct toward appellants was tortious). Accordingly, the trial court did not abuse its discretion in excluding Glenn's testimony as irrelevant.

2. Cook also contends that the trial court erred in granting a directed verdict on the ground that defendants' conduct was not sufficiently extreme or outrageous and on the ground that his emotional distress was not severe.[5] We disagree.

> To prove a claim of intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection

---

[4] *Sanders v. Brown*, 178 Ga. App. 447, 454 (7) (343 SE2d 722) (1986).

[5] Cook has not alleged that defendants engaged in unreasonable collection tactics under OCGA § 7-3-25 (a), and thus we do not address that issue here.

between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe.

*Lockhart v. Marine Mfg. Corp.*[6]

> Actionable conduct does not include insults, threats, indignities, annoyances, petty oppressions, or other vicissitudes of daily living but must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

(Punctuation omitted.) *Pierce v. Wise.*[7] "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." *Lockhart,* supra, 281 Ga. App. at 147.

Here, despite evidence that defendants made numerous demands over the telephone and personally confronted Cook in an effort to have him repay the loan he had been given, Cook has failed to demonstrate that defendants' conduct was sufficiently extreme and outrageous to sustain his claim for intentional infliction of emotional distress. This Court has previously held that threatening language in the context of collecting a debt does not go beyond all bounds of decency and cannot be regarded as utterly intolerable in a civilized community. See *Cornelius v. Auto Analyst.*[8] Moreover, Cook conceded that he initiated the physical altercations with both Gravitt and Carter. Thus, any emotional distress caused specifically by the fight with Carter was the result of Cook's own actions and cannot be the basis for his claim. See *Phillips v. Pacific & Southern Co.*[9] Additionally, although Carter's use of a racial epithet to insult Cook during their confrontation was certainly demeaning, degrading, and insensitive, such conduct did not constitute egregious or outrageous behavior so as to sustain a claim for intentional infliction of emotional distress. See *Lockhart,* supra, 281 Ga. App. at 148; *Hodor v. GTE Mobilnet.*[10]

Finally, Cook failed to show that the emotional distress he suffered as a result of his confrontation with Gravitt and Carter was severe. He testified that he only saw a psychiatrist on one occasion shortly after the incident and that he was deemed to be in no need of anger management counseling. He further testified that the purpose

---

[6] *Lockhart v. Marine Mfg. Corp.*, 281 Ga. App. 145, 146-147 (635 SE2d 405) (2006).

[7] *Pierce v. Wise*, 282 Ga. App. 709, 713 (2) (639 SE2d 348) (2006).

[8] *Cornelius v. Auto Analyst*, 222 Ga. App. 759, 762 (2) (d) (476 SE2d 9) (1996).

[9] *Phillips v. Pacific & Southern Co.*, 215 Ga. App. 513, 516 (451 SE2d 100) (1994).

[10] *Hodor v. GTE Mobilnet*, 244 Ga. App. 297, 299 (535 SE2d 300) (2000).

of the mandatory counseling that he attended was to address his financial issues. Cook also acknowledged that he did not lose his job as a result of the incident, and, in fact, received assistance from the hospital in repaying the Covington Credit loan. Given these circumstances, it cannot be said that the result of the confrontation with Gravitt and Carter "was the causation of mental suffering so serious as to give rise to a claim for intentional infliction of emotional distress." *Pierce*, supra, 282 Ga. App. at 713-714 (2). See *Odem v. Pace Academy*.[11] Accordingly, the trial court did not err in directing a verdict in favor of defendants as to that claim.

 *Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 8, 2008.

 *Graylin C. Ward*, for appellant.
 *Glover & Davis, Peter A. Durham, Douglas A. C. Hurdar*, for appellees.

---

[11] *Odem v. Pace Academy*, 235 Ga. App. 648, 656 (2) (510 SE2d 326) (1998).