A11A2286. GHODRATI v. STEARNES et al.
(723 SE2d 721)

MIKELL, Presiding Judge.
Vahid Ghodrati appeals the trial court's grant of summary judgment to his former employer, Volvo Service Center, Inc. ("VSC"),

---

and his former co-workers, Truman Stearnes and Jeremiah Stearnes, on his claim for intentional infliction of emotional distress. Because Ghodrati has failed to present evidence that he suffered "severe" emotional distress as a result of appellees' conduct necessary to prevail on a claim of intentional infliction of emotional distress, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record reflects that Ghodrati worked as an auto technician at VSC from November 2007 until January 2009. During his employment there, Ghodrati claims that he suffered verbal abuse of a sexual and discriminatory manner by other technicians, Jeremiah Stearnes and Truman Stearnes. Ghodrati deposed that Jeremiah and Truman addressed him with discriminatory and racist slurs and made lewd and inappropriate sexual comments about him. He further deposed that he "was made uncomfortable and embarrassed in front of customers. And it was a pretty uncomfortable and hostile work environment for me." Ghodrati claims that these actions caused him to have trouble sleeping, have nightmares, get anxiety attacks and "when VSC comes to mind [he would] feel uncomfortable and get in the panic mode." In January 2009, Ghodrati was fired from VSC.

Ghodrati then filed the present lawsuit alleging intentional infliction of emotional distress, slander, punitive damages, and costs against Jeremiah, Truman and VSC. Appellees counterclaimed for attorney fees and expenses of litigation. Appellees filed a motion for summary judgment on the intentional infliction of emotional distress claims.[2] After oral argument, the trial court granted the motion for summary judgment in favor of appellees, holding that Ghodrati "did not produce evidence that the emotional harm he suffered was so severe that liability arose on the part of [d]efendants."

Ghodrati contends that the trial court erred in granting summary judgment to appellees, arguing that he produced sufficient

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Ghodrati voluntarily dismissed his slander cause of action prior to the summary judgment hearing.

evidence that his emotional distress was severe enough to be actionable.

It is well settled that to recover on a claim of intentional infliction of emotional distress, "a plaintiff must show evidence that: (1) defendants' conduct was intentional or reckless; (2) defendants' conduct was extreme and outrageous; (3) a causal connection existed between the wrongful conduct and the emotional distress; and (4) the emotional harm was severe."[3]

> The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress.[4]

Whether a claim of severe emotional distress is found is a question for the court.[5]

"In determining the reasonableness of the distress, a court must consider whether the defendant's conduct was outrageous or egregious."[6] Here, the record shows that Jeremiah and Truman repeatedly called Ghodrati racist and derogatory names, posted inappropriate signs about Ghodrati on the employee restroom door as well as in the middle of the shop.[7] This conduct was not, as a matter of law, sufficiently extreme or outrageous to support a claim for the intentional infliction of emotional distress. This Court has held that outrageous conduct sufficient to justify a claim of intentional infliction of emotional distress "does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind."[8] "Liability for intentional infliction of emotional

---

[3] (Footnote omitted.) *Abdul-Malik v. AirTran Airways*, 297 Ga. App. 852, 856 (1) (678 SE2d 555) (2009); *Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1) (428 SE2d 91) (1993) (all four of these factors must be present for a plaintiff to recover).

[4] (Citation and punctuation omitted.) *Sevcech v. Ingles Markets*, 222 Ga. App. 221, 223-224 (3) (474 SE2d 4) (1996).

[5] *Clark v. Prison Health Svcs.*, 257 Ga. App. 787, 793 (3) (572 SE2d 342) (2002).

[6] (Citation omitted.) *Sevcech*, supra at 224 (3).

[7] Ghodrati additionally complains about sexually inappropriate comments made by Jeremiah and Truman to a female co-worker. However, these comments cannot be considered for this analysis because "[i]mplicit in the requirement that the conduct be intentional is the requirement that it be directed towards the complainant. Where the conduct is directed towards others, not the complainant, he or she cannot establish a necessary element of that claim." (Citation omitted.) *Sevech*, supra at 224 (4).

[8] (Citation omitted.) *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 454 (2) (651

distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[9] Accordingly, although Jeremiah and Truman's conduct towards Ghodrati was rude and tasteless, it is not the type of behavior for which the law grants a remedy.[10]

Additionally, the trial court did not err in finding that Ghodrati did not meet his burden of proving that he suffered severe emotional distress as a result of the appellee's conduct. The trial court acknowledged that while Ghodrati suffered unpleasant symptoms of distress, such as anxiety, sleeplessness, embarrassment and loss of confidence, "it was not stress so severe that a reasonable person could not endure it." The trial court based this ruling upon its finding that Ghodrati was able to withstand the stress the entire time he worked at VSC, that he did not seek counseling until long after leaving VSC and after he filed this lawsuit, and that Ghodrati has not produced any record of a counselor's diagnosis. Emotional distress can take the form of "highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is *extreme* that liability arises."[11] As the evidence in this case clearly fails to meet this standard, the trial court did not err in granting summary judgment to appellees on this issue.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 23, 2012.

*Kumar, Prabhu, Patel & Banerjee, Angelina M. Kim*, for appellant.

*Andersen, Tate & Carr, Thomas T. Tate, Jason W. Blanchard*, for appellees.

---

SE2d 790) (2007).

[9] *Lockhart v. Marine Mfg. Corp.*, 281 Ga. App. 145, 147 (635 SE2d 405) (2006).

[10] See *Wilcher*, supra (no liability where plaintiff subjected to rough and discourteous language in the workplace); *Hendrix*, supra at 394-395 (no liability where plaintiff was subject to tasteless and rude social conduct); and *Cooler v. Baker*, 204 Ga. App. 787, 788 (1) (420 SE2d 649) (1992) (no liability for use of the word "wench" to a secretary by a co-worker).

[11] (Footnote omitted; emphasis in original.) *Southland Propane v. McWhorter*, 312 Ga. App. 812, 819 (3) (720 SE2d 270) (2011).